# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Mark Richard Hunt,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>Christina Denning, et al,<br><br>                    Defendant(s). | 2:25-cv-01694-MMD-MDC<br><br>**ORDER** |

Pro se plaintiff filed multiple motions: *(1) Motion to Compel, (2) Motion for Sanctions, (3) Motion for Alternative Service, (4) Motion for Sanctions, and (5) Motion to Strike. (ECF Nos. 19, 20, 22, 23, and 28.* The Court denies all the motions.

## I.       MOTIONS TO COMPEL AND FOR SANCTIONS (ECF Nos. 19 and 20)

Plaintiff's combined Motions to Compel and for Sanctions argues that the defendants have withheld certain initial disclosures and asks the Court to sanction the defendants. *ECF Nos. 19 and 20*. These are both discovery related motions.  Plaintiff, however, did not comply with Local Rule 26-6(c), which requires parties to meet and confer before filing discovery motions.   The rule states:

> Discovery motions will not be considered unless the movant (1) has made a goodfaith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-andconfer conference about each disputed discovery request.

*Id.*

Further, Plaintiff's discovery motions are not supported by points and authorities.  LR 7-2(d) require all motions and responses/oppositions to be "supported by memorandum of points and authorities." *Id.*  A memorandum of points and authorities is important because, LR 7-2(d) provides that

a failure to include points and authorities in a motion "constitutes a consent to the denial of the motion." *Id.* A statement of "points and authorities" generally identify (a) what action is being requested of the court; (b) the reasons why such action is requested; and (c) argument and legal authorities (*e.g.*, cases, statutes, rules, etc.…) that support the requested action and stated reasons for such action.  Plaintiff should also be aware that the Court entered its Standing Order (ECF No. 24) on December 1, 2025, which includes a process for resolving discovery disputes.  Plaintiff is directed to please review and familiarize himself with the Court's 12/01/25 Standing Order. *ECF No. 24.*

The Court also notes that plaintiff only recently updated his address pursuant to the Court's Order, despite this Court's Local Rules which obligates pro se plaintiffs to keep the court apprised of their address, so plaintiff may not have been aware of the Standing Order, which is on the Court's website. See Local Rule IA 3-1. While the Court understands that plaintiff is proceeding pro so, even pro se litigants must comply with the Federal Rules of Civil Procedure and the Local Rules of the court in which litigation is proceeding. E.g. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorable than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se litigants expected to abide by the rules of the court in which litigation proceeds). The Court denies the Motions to Compel and for Sanctions. The parties are directed to meet and confer and, should any disputes remain, comply with the 12/01/25 Standing Order regarding any remaining discovery disputes.

## II.    MOTIONS FOR ALTERNATIVE SERVICE, FOR SANCTIONS, AND TO STRIKE (ECF NOS. 22, 23, AND 28)

Plaintiff argues in his Motion for Alternative Service that non-parties Natalie Moores[1], Barry

---

[1] Natalie Moore appears to be an attorney affiliated with defendant law firm Denning Moores APC. It is not immediately clear how the other two non-parties are related to this lawsuit.

Owen Moores, and John J. Moore have evaded service of his subpoenas. *ECF No. 22*. Plaintiff asks that the non-parties be sanctioned and that the Court order alternative service by email to defendants' attorney. *ECF Nos. 22 and 23*. Defendants filed an omnibus response[2] to all plaintiff's motions. *ECF No. 26*. Defendants point out that plaintiff's subpoenas do not comply with Federal Rule of Civil Procedure 45. Plaintiff argues in his Motion to Strike the defendants' response that counsel "perjured" himself. *ECF No. 28*. Defendants argue in response that plaintiff's Motion to Strike is unreasonable. *ECF No. 31*.

A subpoena may command a nonparty to "attend and testify" at a deposition, hearing, or trial. Fed. R. Civ. P. 45(a).  Pursuant to Rule 45, subpoenas requiring a person's attendance require that the party compelling the attendance tender fees for one day's attendance and the mileage allowed by law. Fed. R. Civ. P. 45(b)(1). A plaintiff (including a pro se plaintiff) is required to tender witness and mileage fees for each witness. *See CF & I Steel Corp. v. Mitsui & Co. (U.S.A.),* 713 F.2d 494, 496 (9th Cir. 1983) ("Rule 45(c) requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena."). Under Rule 45, only a clerk of the issuing court or an attorney for a party may issue a subpoena in a federal civil case. Rule 45(a)(3).

Plaintiff's subpoenas are signed by the plaintiff himself. Although plaintiff is proceeding pro se, he is not admitted to practice law and is not an officer of the court authorized to sign and issue a valid subpoena. Plaintiff, proceeding pro se, may only serve a subpoena issued by the clerk of this Court. Rule 45 limits the timing, location, and scope of third party subpoenas, imposes requirements regarding the tendering of witness fees, and imposes obligations on the party responsible for issuing and serving the subpoena as well as the Court to take reasonable steps to avoid undue burdens on persons subject to a subpoena. See Rule 45 (a), (b), (c), (d).

---

[2] Defendants are cautioned that this omnibus response violates this Court's Local Rules which requires that separate documents must be filed, which includes filing separate responses to separate motions. *See LR IC 2-2(b)*.

The pro se plaintiff did not properly issue the proposed subpoenas (ECF No. 22-1). See Fed. R. Civ. P. 45(a)(3); see also *Cramer v. Target Corp.*, No. 1:08-CV-1693-OWW-SKO, 2010 U.S. Dist. LEXIS 53941, 2010 WL 1791148, at *1 (E.D. Cal. May 4, 2010) (noting that a pro se plaintiff was "not an officer of the Court authorized to sign and issue a subpoena pursuant to Fed. R. Civ. P. 45(a)(3)"); *Gonzales v. Alameida*, No. CV F 06 1417 OWW WMW P, 2008 WL 161996, at *1 (E.D. Cal. Jan. 16, 2008) ("[A] party appearing in pro per cannot issue a subpoena."); *Jackson v. Woodford*, No. 05-cv-513 L(NLS), 2007 U.S. Dist. LEXIS 53133, 2007 WL 2023551, at *1, 3 (S.D. Cal. July 11, 2007) (finding that subpoenas were not properly issued, where the clerk of court sent the subpoena forms to a pro se plaintiff, but did not sign and issue the subpoenas). As the subpoenas submitted were not properly issued, plaintiff's request for alternative service is denied. The Court also denies plaintiff's related Motion for Sanctions because the non-parties could not have evaded service because the subpoenas were not properly issued and thus, void.

The Court also denies plaintiff's Motion to Strike as his allegations against defense counsel accusing him of perjury, who is an officer of the court, are unfounded, lack evidence, and are frivolous. The Court cautions plaintiff that even though he is proceeding pro se, the Court will not tolerate incivility toward opposing counsel. The Court may sanction plaintiff if he continues to file frivolous motions seeking sanctions against counsel.

**IT IS ORDERED** that plaintiff's (1) Motion to Compel, (2) Motion for Sanctions, (3) Motion for Alternative Service, (4) Motion for Sanctions, and (5) Motion to Strike. (ECF Nos. 19, 20, 22, 23, and 28) are **ALL DENIED**.

Dated: February 11, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

4

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**