UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARK RICHARD HUNT,<br><br>                           Plaintiff,<br><br>    v.<br><br>CHRISTINA DENNING, an individual, and<br>DENNING MOORES, APC,<br><br>                           Defendants. | Case No. 2:25-cv-01694-MMD-MDC<br><br>ORDER |

## I.    SUMMARY

Plaintiff Mark Richard Hunt sued Defendants Christina Denning and Denning Moores, APC for alleged injuries arising from Defendants' legal representation of him. (ECF No. 4 ("Complaint").) Before the Court is Defendants' motion to dismiss. (ECF No. 6 ("Motion").)[1] The Court now grants the Motion due to the Plaintiff's failure to effectuate proper service of process.

## II.    RELEVANT BACKGROUND

Hunt hired attorney Christina Denning and her firm Denning Moores to represent him in a lawsuit filed in the District of Nevada on July 11, 2017. (ECF No. 4 at 5.) Hunt resides in Australia while Defendants are both citizens of California. (*Id.* at 3-4.) Hunt initiated this lawsuit against Defendants on September 10, 2025, alleging various claims including malpractice and intentional infliction of emotional distress. (*Id.* at 6-7.) Plaintiff emailed the Complaint and an unsigned summons to Defendants. (ECF Nos. 6 at 1-2, 4; 10-2 at 3.) Upon receipt of payment of the filing fee, the Court filed Plaintiff's Complaint

---

[1]Plaintiff responded with through two seemingly identical fillings. (ECF Nos. 9, 10.) Defendants replied. (ECF No. 13.) Plaintiff filed a sur-reply without leave of the Court. (ECF No. 15.) Plaintiff asks the Court to construe the filing as a motion for leave to file the sur-reply. (*Id.* at 1.) The Court denies the request as it finds additional briefing unnecessary to rule on the Motion.

on September 29 and ordered proof of service by December 28, 2025. (ECF Nos. 3, 4.) That same day, the Clerk of Court issued signed and sealed summons for Defendants in compliance with the Federal Rules. (ECF No. 5); *see* Fed. R. Civ. P. 4(a), (b). On October 1, 2025, Defendants moved to dismiss the Complaint due to insufficient service of process, improper venue, and binding arbitration. (ECF No. 6.)

III.    **DISCUSSION**

Under the Federal Rules of Civil Procedure, a defendant may seek dismissal of a case for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). Service of process includes service of a court summons with a copy of the complaint. *See* Fed. R. Civ. P. 4(c)(1). Any adult who is not a party to the suit may effect service. *See* Fed. R. Civ. P. 4(c)(2). The Federal Rules define how service may be effectuated on US-based individuals and entities. *See* Fed. R. Civ. P. 4(e), 4(h). None of the delineated forms of service include electronic service or actual notice. *See id.* The Rules do allow for service through methods "reasonably calculated to give notice" or "by other means not prohibited by international agreement, as the court orders" but only when serving an individual located in a foreign country. Fed. R. Civ. P 4(f). The rules for service of U.S.-based individuals and entities do also authorize service in accordance with state law. *See* Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). The Nevada Rules of Civil Procedure authorize court-ordered alternative service upon motion by the plaintiff. *See* Nev. R. Civ. P. 4.4(b).

Defendants move to dismiss for insufficient service of process. (ECF No. 6.)[2] Plaintiff argues service was proper under Federal Rule 4(f) and Nevada Rule 4.4. (ECF No. 10-2 at 2-3.) The Court agrees with Defendant and finds Plaintiff's service of process insufficient under both the Federal and Nevada Rules of Civil Procedure.

Plaintiff's appeal to Federal Rule 4(f) is not proper here. While the Rule authorizes alternative service methods "reasonably calculated to give notice" or "as the court orders," this Rule only applies when "*serving* an individual in a foreign country." Fed. R. Civ. P.

---

[2]Defendants also move to dismiss for improper venue and seek to compel arbitration. (ECF No. 6 at 4-8.) Because the Court grants the Motion on insufficient service, the Court does not address these alternative arguments.

4(f) (emphasis added). While Plaintiff is located in Australia, both Defendants are based in the United States. Therefore, this provision does not apply to Plaintiff's service on Defendants.

Plaintiff's service efforts similarly do not meet the requirements of the Nevada Rules of Civil Procedure. While Nevada Rule 4.4 authorizes court-ordered service through alternative methods, the Rule requires that the party to file a motion "demonstrat[ing] that the service methods provided… are impracticable." Nev. R. Civ. P. 4.4(b)(1). That motion must include "affidavits, declarations, or other evidence setting forth specific facts demonstrating; (i)  the due diligence that was undertaken to locate and serve the defendant; and (ii) the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant." Nev. R. Civ. P. 4.4(b)(2). The motion must also "state the proposed alternative service method and why it comports with due process." Nev. R. Civ. P. 4.4(b)(2)(B). Only upon such a motion can the Court evaluate and consider whether to order service through an alternative method. While Plaintiff claims his email service was "court-approved," Plaintiff never filed a motion seeking this alternative service nor did the Court grant or direct any such alternative service. (ECF No. 10-2 at 3.) Plaintiff seems to mistakenly equate the Court's electronic issuance of summons with service or the Court's implicit approval of alternative electronic service. (*Id.*) But the Court's issuance of summons does not supplant Plaintiff's obligation to effectuate service of both that summons and the Complaint on Defendants in accordance with the relevant procedural rules. The Court acknowledges Plaintiff's *pro se* status merits liberal construction of his filings. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). However, *pro se* parties must still comply with these procedural rules. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), *overruled on other grounds by, Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

Plaintiff argues dismissal for insufficient service is improper as Defendants filed the Motion on October 1, 2025, months before the Court-ordered proof of service deadline

of December 28, 2025. (ECF No. 10-2 at 3 (citing ECF No. 4).) Plaintiff represents to the Court that "a court-signed version of the summons is currently en-route, with additional delays due to current restrictions on mailing from Australia to the United States." (*Id.*) Plaintiff made this representation on October 2, 2025. Seven months later, and four months after the expiration of the service deadline, Plaintiff still has not filed any proof of service.

In the alternative, Plaintiff argues for an extension of the service deadline. (*Id.*) The Court agrees that "[g]ood cause for extension exists due to Plaintiff's pro se status, international residence, and mailing restrictions." (*Id.*) However, Plaintiff effectively has already received a four-month extension. Despite indicating that compliant service was in progress seven months ago, Plaintiff has failed to provide proof of service. Under the Federal Rules, where a plaintiff demonstrates good cause for failure to serve, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Here, the Court finds more than "an appropriate period" has passed and Plaintiff still failed to effectuate service. The Court finds Plaintiff does not show good cause for any further extension and therefore "must dismiss the action without prejudice… or order that service be made within a specified time." *Id.*  The Court has broad discretion to extend time for service, but that discretion is not "limitless." *Efaw v. Williams,* 473 F.3d 1041, 1041 (9th Cir. 2007). The Court may consider factors such as "statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id.* (citation omitted). While the Court agrees with Plaintiff that Defendants are on actual notice of the lawsuit (ECF No. 10-2 at 3), Plaintiff fails to demonstrate how eventual service will be effectuated. Moreover, a presumption of injury results from delay in prosecuting a case, and delay in service is a "particularly serious failure to prosecute because it affects all the defendant's preparations." *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Therefore, the Court elects to dismiss the case without prejudice. Plaintiff may refile suit and effectuate proper service or seek alternative service through the Court or by agreement with Defendants.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 6) is granted. The Court dismisses this action without prejudice based on insufficient service of process.

It is further ordered that Plaintiff's motion to file a sur-reply (ECF No. 15) is denied.

The Clerk of Court is kindly directed to close this case.

DATED THIS 5th Day of May 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

5